# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GASTON DEAUNDRAY, #73584

        Plaintiff,

vs.

SHERYL FOSTER, *et al.,*

        Defendants.

Case No. 2:12-cv-01655-GMN-VCF

**ORDER RE: INFORMAL SETTLEMENT DISCUSSIONS**

This case will not be referred for formal mediation. However, given the nature of the claims the Court has permitted to proceed, the Court finds that the parties will benefit from informal discussions in an effort to settle this case. The Court encourages the parties to engage in such discussions. For this reason, a courtesy copy of this order and the complaint shall be provided to defendants' counsel by the Clerk of the Court. If the parties are able to settle the case during the ninety-day stay, the $350.00 filing fee need not be paid. However, if the parties are unable to settle, then the Court will reconsider the motion to proceed *in forma pauperis* (IFP), and plaintiff will have to pay the $350.00 filing fee in full either immediately (if IFP status is denied) or in increments by automatic deductions from his prison trust account (if IFP status is granted).

**IT IS SO ORDERED.**

Dated: 10-23-2012

_____
UNITED STATES MAGISTRATE JUDGE

**Informal Settlement**
**Frequently Asked Questions**

**1.     What is the purpose of informal settlement discussions for inmate Section 1983 cases?**

The goal of informal settlement discussions in inmate Section 1983 cases is to allow the parties an opportunity to work together to reach a reasonable resolution to their case before the parties begin discovery.

**2.     Do the parties need to report to the judge what happened in settlement discussions?**

No.  Settlement discussions are confidential and neither party should report to the District Judge or the Magistrate Judge assigned to your case the results of settlement discussions. The parties shall not send offers and counter-offers to the court.  The only information the court will receive is whether the case settled.

**3.     What happens if the parties reach a settlement?**

If the parties settle the case, the deputy attorney general will prepare a written settlement agreement for the parties to sign.  Once the parties review and sign the settlement agreement, a stipulation is submitted to the court to end the case.

**4.     What happens if the parties don't settle the case?**

If the case does not settle, there is no negative consequence to the parties.  Settlement discussions simply provide an opportunity for the parties to meet and discuss how they might resolve the case.  If there is no settlement, the case will proceed.

**5.     Why do parties in litigation attempt settlement, as opposed to a trial on the merits?**

Settlement is informal and the parties have an opportunity to be heard and to hear the opposing party's point of view, since parties typically don't speak to one another except through attorneys and legal filings.  Settlement also allows the parties who have ongoing relationships to preserve it by having a discussion rather than engaging in an adversarial proceeding.

Settlement also offers the parties more flexibility to resolve their dispute.  The parties can explore a variety of ways to resolve the case, and they have control over the outcome.

**6.     Are there other benefits to settlement discussions, even if the case does not settle?**

Settlement discussions allow the parties the opportunity to speak honestly with one another in an informal, confidential environment.  Even if the case is not settled, the process can be very helpful to the parties in understanding their claims and defenses in the case, what discovery and motions might be necessary,  and this may save the parties time and money.  Sometimes parties realize that certain claims or defenses can be dismissed, and they are more efficient in litigating the case. In addition, settlement discussions often opens the door for future resolution as the case proceeds. The better informed the parties are about their case, the better prepared they will be in litigation and in exploring future options for settlement.