UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| De'AUNDRAY GASTON,<br><br>                Plaintiff,<br><br>vs.<br><br>SHERYL FOSTER, et al.,<br><br>                Defendants. | 2:12-cv-01655-GMN-NJK<br><br>**O R D E R** |

Before the Court is Plaintiff's Motion to Compel Discovery, Docket No. 23, and Defendants' Motion for Extension of Time for a Response to Plaintiff's Motion to Compel, Docket No. 24. Having reviewed the matter, the Court finds that these motions can be resolved without oral argument. *See* Local Rule 78-2.

**BACKGROUND**

On September 19, 2012, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* with the Court. Docket No.1. The Court filed Plaintiff's Complaint on October 17, 2012, deferring a decision on the *in forma pauperis* application, and ordered the Clerk to serve a copy of the Complaint on Plaintiffs. Docket No. 2. Shortly thereafter, the Court decided it would not refer this case for formal mediation, but encouraged the parties to engage in informal settlement discussions. Docket No. 4.

On March 5, 2013, Plaintiff filed a Motion for Production of Documents, Docket No. 11, which was subsequently denied because discovery had not yet commenced and the Motion lacked a meet and confer statement as well as any points or authorities. Docket No. 17.

On May 20, 2013, the parties filed a proposed discovery plan and scheduling order which indicated that they had attempted in good faith in settle this action. Docket No. 19. The Court denied the proposed discovery plan and entered a rule-compliant Scheduling Order on May 21, 2013. Docket No. 20. Pursuant to the Scheduling Order, discovery is set to be completed by October 14, 2013. *Id*.

Plaintiff filed his Motion to Compel on September 11, 2013. Docket No. 23. On September 30, 2013, Defendants filed their Motion for Extension, requesting more time to respond to Plaintiff's Motion to Compel. Docket No. 24.

## DISCUSSION

### A.  Meet and Confer

The initial inquiry with any motion to compel is whether the moving party made adequate meet and confer efforts. Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after  personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7. Personal consultation means the movant must "personally engage in two-way communication with the non-responding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. V. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).

Here, in an effort to satisfy the meet and confer requirement, Plaintiff has provided the Court with a copy of a letter he asserts was sent to Defendants' counsel on August 13, 2013. Docket No. 23, at 3. The Court will give Plaintiff the benefit of the doubt and assume that the letter was sent on the date indicated to the correct address.[1] However, the mere exchange of

---

[1] "[W]here the petitioner is *pro se,* particularly in civil rights cases, [court's must] construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc)).

1 letters does not satisfy the personal consultation requirement. *See ShuffleMaster*, 170 F.R.D. at
2 172. Further, Defendants have indicated that they would like to attempt to resolve this dispute
3 with Plaintiff. Docket No. 24, at 3.
4   Accordingly, the Court finds that the parties did not properly meet and confer. The parties
5 must meet and discuss their respective positions with the "candor, specificity, and support"
6 needed to show that there was a proper meet and confer. *See Nevada Power v. Monsanto*, 151
7 F.R.D. 118, 120 (D.Nev.1993). For this reason, the Court denies Plaintiff's Motion without
8 prejudice.

9 **B. Requested Discovery**

10   Although the Court has denied Plaintiff's Motion, the Court notes that Plaintiff has not
11 set forth what discovery he seeks with his requests numbered 1, 2, and 4, nor his basis for
12 wanting an audio recording or a transcribed copy of the February 15, 2012, disciplinary hearing.
13 *See id*. Under LR 26-7, "[a]ll motions to compel discovery or for protective order shall set forth
14 in full the text of the discovery originally sought and the response thereto, if any." Further, LR 7-
15 2 requires the moving party to file points and authorities in support of his motion and failure to
16 do so constitutes a consent to the denial of the motion. Since the Court cannot discern what
17 discovery Plaintiff is seeking nor the basis for Plaintiff's Motion,[2] it denies Plaintiff's request for
18 this reason as well.

19 **C. Defendant's Requested Extension**

20   Since the Court has denied Plaintiff's Motion, Defendants' request for additional time to
21 respond is moot.
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .

---

28  [2]Although Plaintiff indicates that his Motion to Compel is brought under Fed.R.Civ.P. 37, he has not explained why the discovery he is requesting should be disclosed.

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery, Docket No. 23, is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendants' Motion for Extension of Time for a Response to Plaintiff's Motion to Compel, Docket No. 24, is DENIED as moot.

DATED this 30th day of September, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge