UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| De'AUNDRAY GASTON,<br><br>                Plaintiff,<br>vs.<br><br>SHERYL FOSTER, et al.,<br><br>                Defendants. | 2:12-cv-01655-GMN-NJK<br><br>**O R D E R** |

Before the Court is Plaintiff's Motion to Compel, Docket No. 27. The Court finds that this motion can be resolved without oral argument. *See* Local Rule 78-2.

**BACKGROUND**

Plaintiff filed his first motion to compel on September 11, 2013. Docket No. 23. The Court denied that motion because the parties did not meet and confer prior to Plaintiff filing the motion and, further, Plaintiff did not set forth in full the text of the discovery originally sought. Docket No. 25.  On November 11, 2013, Plaintiff filed the present motion to compel. Docket No. 27.

**DISCUSSION**

**A.**  **Handwriting**

Pursuant to LR 10-1, "[a]ll handwriting shall be legible."  Most of Plaintiff's present motion barely meets this requirement, but some portions of the motion are not legible at all. The Court understands that Plaintiff is incarcerated and has limited resources available to him;

however, in order for the Court to properly consider all motions before it, it must be able to read such motions. Therefore, the Court instructs Plaintiff that all future filings should be printed clearly with dark, clearly legible lettering.

**B.     Meet and Confer**

Plaintiff again has failed to show that he made adequate meet and confer efforts. Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7.

Here, although Plaintiff has not stated what form of relief he seeks, it appears he wants either a written transcript of a disciplinary hearing or an audio recording of that disciplinary hearing. He has not indicated when he discussed this matter with Defendants or how they responded to that request. Rather, Plaintiff states that Defendants allowed Plaintiff to listen to the audio recording of the disciplinary hearing, but he now believes the audio was not "the original." Docket No. 27, at 1.  Whether Plaintiff discussed this dispute with Defendants is unclear. Therefore, it is possible that the parties can reach a resolution without Court intervention.  The parties must meet and discuss their respective positions with the "candor, specificity, and support" needed to show that there was a proper meet and confer. *See Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). Accordingly, the Court denies Plaintiff's Motion without prejudice.

**B.     Requested Relief**

As mentioned above, Plaintiff has not stated what relief he is requesting.  Although the Court speculates that Plaintiff seeks either a written transcript of a disciplinary hearing or an audio recording of that disciplinary hearing, the Court cannot grant relief based on its own speculation.

. . .

1    Additionally, just as with Plaintiff's prior motion to compel, Plaintiff has not set forth his
2  basis for wanting an audio recording or a transcribed copy of the February 15, 2012, disciplinary
3  hearing. *See id*. Under LR 26-7, "[a]ll motions to compel discovery or for protective order shall
4  set forth in full the text of the discovery originally sought and the response thereto, if any." LR
5  7-2 requires the moving party to file points and authorities in support of his motion and failure to
6  do so constitutes a consent to the denial of the motion. Since the Court cannot discern what
7  discovery Plaintiff is seeking nor the basis for Plaintiff's Motion,[1] it denies Plaintiff's request for
8  this reason as well.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel, Docket No. 27, is DENIED without prejudice.

DATED this  13th   day of November, 2013.

_____  
NANCY J. KOPPE  
United States Magistrate Judge

---

[1] Although Plaintiff indicates that his Motion to Compel is brought under Fed.R.Civ.P. 37, he has not explained why the discovery he is requesting should be disclosed.

- 3 -